————o————

## No. 4259.

(Court of Appeal, Parish of Orleans.)

## SUCCESSION OF JOHN McNAMARA AND WIFE.

1. Benefit certificates in a mutual benefit society are subject to, the rules of law governing life insurance policies, except so far as. those rules must be held to be modified by the peculiar organization, objects and policy of such societies.
2. The beneficiary designated by the assured has no property nor vested rights in the benefit, because his interest is contingent and uncertain.
3. Hence, a designated beneficiary who dies before the assured does not transmit any right in the benefit of his heirs.

Appeal from Civil District Court, Division "A."

T. D. Flynn, attorney for Succession, Appellant.

J. J. McLoughlin, E. P. Foley and E. A. O'Sullivan.

DUFOUR, J.    The Catholic Knights of America issued to John McNamara, one of its members, a death benefit certificate for $2000, payable at his death to his wife and children, the beneficiaries designated by him.   In 1900 his wife died, in 1902 one of his daughters died, leaving a minor son (Gerard Cummings) represented herein by his tutor, and in 1906 John McNamara died without changing the designation of beneficiaries.

The present controversy is between the four surviving children who claim the avails of the certificate to the exclusion of the minor, and the minor, who claims that he is by law entitled to take the place of his deceased mother and to share in the division equally with the others.

The benefit certificate recites that "it is expressly understood that this is a contract between the Supreme Council Cath-

13

olic Knights of America and the assured alone, and not a contract between said Council and the beneficiaries herein named." Article 200 of the constitution of the Order reads as follows: "In the event of the death of one or more of the beneficiaries selected by the member, before the decease of such member, if he shall make no further disposition thereof, upon his death, such benefit shall be paid in full to the surviving beneficiary or beneficiaries, each sharing pro rata, as provided in the benefit certificate. In the event of the death of all beneficiaries selected by the member, before the decease of such member, if he shall make no other or further disposition thereof, the benefit shall be paid to the heirs of the deceased member; *provided,* that where the laws of a State hold that the heirs of one of the deceased beneficiaries are entitled to their share of the benefit, payment shall be made in accordance with the said State laws."

It is clear that, under the first clause of the foregoing article, the surviving beneficiaries are exclusively entitled to the benefit, unless the son of the deceased beneficiary can show that he has a right resulting from the proviso. This must naturally depend upon the right his mother had at the time of her death; if she had none, he now has none.

The theory of a vested right which influenced the district Judge is erroneous. We know of no law in this State which declares that the "heirs of a deceased beneficiary are entitled to their share of the benefit," and our jurisprudence is that the beneficiary has no vested right in the certificate.

In the cases of Meyers vs. Meyers, No. 1507, and Thompson vs. Amos Lodge, etc., No. 4126, of our docket, we said:

"A mutual benefit society is not a life insurance company in the restricted sense in which that term is used, nor is a certificate of membership in such society a policy of life insurance in the same restricted sense of the term; yet it is manifest that such membership certificate is in the nature of a mutual life insurance policy. Such contracts are, therefore, subject to the rules of law governing life insurance policies, except so far as those rules must be held to be modified by the peculiar organization, objects and policy of such societies."

The Court cited numerous authorities, and, in the number, Bacon, at section 289, to the following effect:

"This designated recipient also has no property nor vested

14

rights in the benefit, because his interest is contingent and uncertain."

Our conclusion is that the deceased beneficiary left no right of property in the certificate which her child could inherit, the merely contingent right that she had having lapsed at her death.

The fund must, therefore, according to the laws of the order which form part of the contract, be divided among the surviving designated beneficiaries. This suit was brought by way of interpleader by the Catholic Knights, who deposited the fund in Court, and called in the conflicting claimants. The judgment is amended so as to read as follows:

It is ordered, adjudged and decreed that there be judgment in favor of the Supreme Council of the Catholic Knights of America, dismissing it hence, with all costs of Court by it incurred.

It is further ordered, adjudged and decreed that the fund of two thousand dollars deposited by said Supreme Council in the registry of the Court be divided equally, share and share alike, between Joseph McNamara, John McNamara, Katie McNamara and Jennie McNamara, after paying all costs of this proceeding incurred by the Supreme Council of the Catholic Knights of America.

It is further ordered, adjudged and decreed that the demand of Gerard Cummings, minor child of Bernard Cummings and Mary McNamara, deceased, represented by said Bernard Cummings as his natural tutor, be rejected at his costs, said minor to pay costs of appeal; and

It is further ordered that, as amended, the judgment be affirmed.

June 21, 1907.

Rehearing granted June 29, 1907.

## ON REHEARING.

1. The Code provides that, under the name of children, not only the children of the first degree, but the grandchildren, great-grandchildren, and all other descendants in the direct line are comprehended.
2. But, this definition is confined to the word as used as a term of

15

law in the Code itself and it is not applicable when the word is used in the ordinary affairs of men, or in written instruments containing their agreements or the disposition of their property.

**Previous decree remains undisturbed.**

DUFOUR, J.   In support of the suggestion that our original conclusion is incorrect, counsel relies on Art. 3556 R. C. C., which reads as follows:

"Under the name of children are comprehended not only children of the first degree, but the grandchildren, great-grandchildren and all other descendants in the direct line."

Under color of that article, it is urged that McNamara's legal intention was that his grandchild should participate in the bequest with his children.

In replying to a similar contention, the Supreme Court, in 22 An. 344, said: "It is clear from the language of this article that this definition is confined to the word as used as a term of law in the Code itself, and to be applied where the context may require a construction or interpretation of its scope, but not when used in the ordinary affairs of men, or in written instruments, containing or evidencing their agreements or the disposition of their property......Men, in their dealings and writings, use words in their most known and usual signification.....The Code does not imply that the word shall have so comprehensive a signification, whenever used by anyone in common conversation, or in making contracts for the support and education of the members of his family, or in constituting heirs and legatees to his estate:"

The Constitution of the Order, which is read into the benefit certificate, specially provides for a right of survivorship in the beneficiaries originally designated, and there is no law to the contrary in this State.

Our previous decree will remain undisturbed.

November 11, 1907.

Writ refused by Supreme Court, Dec. 17, 1907.